IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL LINGO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-7032 |
| HARRAH'S ENTERTAINMENT, INC., | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                                               **JULY  1 , 2011**

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss. (ECF No. 4.) For the following reasons, the Motion will be granted in part and denied in part.

**I.  BACKGROUND**

Defendant Harrah's Entertainment owns and operates Defendant Rio All Suite Hotel and Casino ("Rio"), which is located in Las Vegas, Nevada. Defendants mailed Plaintiff Carol Lingo, a Pennsylvania citizen, numerous invitations offering her a complimentary stay at the Rio. On February 4, 2010, while staying at the Rio, Plaintiff slipped and fell in the shower and sustained injuries. On December 2, 2010, Plaintiff filed a one count Complaint, alleging a claim for negligence. (Compl., ECF No. 1.) Defendants move to dismiss for lack of personal jurisdiction and improper venue.

**II.  LEGAL STANDARD**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), plaintiff has the burden of establishing jurisdiction over defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Plaintiff need only establish a prima facie case of jurisdiction, and we accept all of the allegations as true and resolve all factual

disputes in favor of the plaintiff. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (citations omitted). Once defendant has properly raised a jurisdictional defense, plaintiff must demonstrate, through sworn affidavits or other competent evidence, sufficient contacts with the forum state to establish personal jurisdiction. *N. Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990).

**III. DISCUSSION**

Federal Rule of Civil Procedure 4(k)(1)(A) authorizes a district court to exercise personal jurisdiction according to the law of the state in which it sits. Pennsylvania's long-arm statute provides that Pennsylvania courts may exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). To determine whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has had "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316-17 (3d Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The two types of personal jurisdiction are general jurisdiction and specific jurisdiction. Courts exercise general jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.9 (1984). Plaintiffs must show "significantly more than mere minimum contacts to establish general jurisdiction." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). The defendant must have "continuous and systematic" contacts with the

forum, whether or not those contacts are related to the plaintiff's cause of action. *Metcalfe*, 566 F.3d at 334 (quoting *Helicopteros*, 466 U.S. at 416). Specific jurisdiction exists where the nonresident defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (citations omitted). To establish specific jurisdiction, "a plaintiff must show that the defendant has minimum contacts with the state 'such that [the defendant] should reasonably anticipate being haled into court there.'" *N. Penn Gas*, 897 F.2d at 690 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Defendants argue that there is no basis for either general or specific jurisdiction. Defendants argue that we cannot exercise general jurisdiction because Defendants do not have any business in Pennsylvania; are not licensed to do business in Pennsylvania; do not own property in Pennsylvania; and do not have any employees or agents in Pennsylvania. (Defs.' Mot. Dismiss 3.) Defendants contend that specific jurisdiction is inappropriate because Plaintiff's negligence claim arises out of activities that are not related to Defendants' contacts with the forum. Plaintiff responds that Defendant Harrah's Entertainment has had continuous and systematic contacts with Pennsylvania through its subsidiary, Chester Downs and Marina, LLC., a casino and racetrack that is located in Chester, Pennsylvania.

### A. General Jurisdiction

"[A] foreign corporation is not subject to the jurisdiction of the forum state merely because of its ownership of the shares of stock of a subsidiary doing business in the state." *Lucas v. Gulf & W. Indus., Inc.*, 666 F.2d 800, 805-06 (3d Cir. 1981), *abrogated on other grounds by EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1049 (3d Cir. 1993); *see Cannon Mfg. Co. v.*

*Cudahy Packing Co.*, 267 U.S. 333, 336 (1925). A "parent-subsidiary relationship is by itself an insufficient reason to pierce the corporate veil in the jurisdictional context." *Dutoit v. Strategic Minerals Corp.*, 735 F. Supp. 169, 171 (E.D. Pa. 1990).

The case of *Blackwell v. Marina Associates*, No. 05-5418, 2006 WL 573793 (E.D. Pa. Mar. 9, 2006), is illustrative. In *Blackwell*, the plaintiff, a Pennsylvania citizen, received a voucher offering a complimentary overnight stay at Harrah's Casino Hotel in Atlantic City, New Jersey. *Id.* at *1. Plaintiff was injured when a slot machine stool collapsed and he filed suit in the Philadelphia Court of Common Pleas. Defendant hotel removed the action to this court and subsequently moved to dismiss for lack of personal jurisdiction. The Court in *Blackwell* rejected the plaintiff's argument that it should find general jurisdiction because of Harrah's subsidiary in Chester. In reaching this conclusion, the court stated that "in order to impute the jurisdictional contacts of Harrah's Chester operations, Blackwell must present prima facie evidence to overcome the general rule that mere ownership of a subsidiary does not subject the parent corporation to personal jurisdiction. . . . Here, Blackwell has presented no evidence to overcome this presumption." *Id.* at *5.

In determining whether the jurisdictional contacts of a subsidiary should be imputed to the parent corporation, courts consider the following factors: 1) whether the subsidiary corporation played any part in the transactions at issue; 2) whether the subsidiary was an alter ego or agent of the parent; 3) whether the independence of the separate corporate entities was disregarded; and 4) whether the subsidiary is necessarily performing activities that the parent would otherwise have to perform in the absence of the subsidiary. *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 837 (E.D. Pa. 1997) (citing *Lucas*, 666 F.2d at 805-06). Plaintiff provides no analysis of these factors We

4

are satisfied that Plaintiff has not established general jurisdiction based upon Harrah's relationship with Chester Downs.

Plaintiff argues that personal jurisdiction over Defendants is appropriate because "she was specifically targeted with mailers that were addressed to her and sent to her residence on several occasions." (Pl.'s Resp. 6 & Ex. F, ECF No. 8.)[1] However, targeted mailings, alone, do not support general jurisdiction. *See Blackwell*, 2006 WL 573793, at *4 ("[T]he mere fact that defendant mailed promotional materials to at least two Pennsylvania residents (Mr. & Mrs. Blackwell) is not sufficient to demonstrate that defendant engaged in continuous and systematic contacts with Pennsylvania."). Courts in this district have consistently held that "advertisements and solicitations, including direct mailings and voucher offers, are not, by themselves, substantial enough to meet the high standard for the exercise of general personal jurisdiction." *Feldman v. Bally's Park Place, Inc.*, No. 05-5345, 2006 WL 1582331, at *3 (E.D. Pa. June 5, 2006) (concluding that a New Jersey casino that advertised in Pennsylvania was not subject to general jurisdiction); *see Wims v. Beach Terrace Motor Inn, Inc.*, 759 F. Supp. 264, 269-70 (E.D. Pa. 1991) (finding that yearly mailing of brochures to 1,133 Pennsylvania residents can "hardly be said to constitute 'extensive and pervasive' contact"); *Johnson v. Summa Corp.*, 632 F. Supp. 122, 126 (E.D. Pa. 1985) (declining to exercising general jurisdiction over a Nevada hotel that maintained a toll-free number, mailed a brochure directly to the plaintiff, and distributed promotional materials to a Pennsylvania travel agency).

Plaintiff cites *Gavigan v. Walt Disney World, Inc.*, 646 F. Supp. 786, 787 (E.D. Pa. 1986),

---

[1] Plaintiff does not assert that any other Pennsylvania residents received similar brochures.

in support of her position. Plaintiff's reliance on *Gavigan* is misguided. In *Gavigan*, the plaintiffs, Pennsylvania citizens, were injured in a motor vehicle accident at Disney World in Florida. 646 F. Supp. at 787. The evidence demonstrated that Disney World promoted itself at a Philadelphia department store, advertised on a Philadelphia television station, conducted a "Disney Salutes Philadelphia" campaign, and sent Mickey Mouse to bestow honorary Disney World citizenship upon the Mayor of Philadelphia. *Id.* at 787-88. The Court looked at the totality of Disney's contacts and concluded that they constituted "continuous and substantial" business activities in Pennsylvania. Plaintiff here demonstrates only that she received brochures from Defendants.[2] We are compelled to conclude that Plaintiff's evidence does not support the exercise of general jurisdiction.

B.   **Specific Jurisdiction**

Plaintiff cites *O'Connor v. Sandy Lane Hotel,* 496 F.3d 312, 323-24 (3d Cir. 2007), in support of her argument that Plaintiff is subject to specific jurisdiction. Prior to *O'Connor*, courts routinely rejected arguments that a plaintiff's personal injury claim arises out of or relates to the defendant's promotional mailings or advertisements. *See, e.g.*, *Feldman*, 2006 WL 1582331, at *5 (finding plaintiff's escalator injury at a New Jersey casino did not arise out of the defendant's direct mailings and advertisements in Pennsylvania); *Blackwell*, 2006 WL 573793, at *6 (finding plaintiff's injury on the casino floor in New Jersey did not arise out of the defendant's solicitations in Pennsylvania). Courts found that the link between the advertising contact and the

---

[2] The plaintiff in *Blackwell* also relied on *Gavigan* to support his general jurisdiction argument. 2006 WL 573793, at *4. The plaintiff received a voucher offering a complimentary stay at the defendant's Atlantic City hotel. The *Blackwell* court found *Gavigan* "easily distinguishable." *Id.*

6

injury was "too attenuated for the latter to arise from the former." *See Borel v. Pavichevich*, No. 01-1395, 2001 WL 1549538, at *2 (E.D. Pa. Dec. 4, 2001). After *O'Connor,* the issue requires closer scrutiny.

In *O'Connor*, the plaintiff, a Pennsylvania resident, booked a vacation at a hotel in Barbados. 496 F.3d at 316. The hotel then mailed the plaintiff a brochure about its spa treatments. Through a series of phone calls, the plaintiff and the defendant hotel entered into a contract for spa services in advance of the trip. While receiving a massage treatment at the hotel spa, the plaintiff slipped and fell. The plaintiff brought suit against the hotel in Philadelphia. In an affidavit, the plaintiff asserted that but for the mailing of the brochure, he never would have purchased a massage, and he would not have suffered a massage-related injury. *Id.* at 323.

The *O'Connor* court discussed in detail the specific-jurisdiction requirement that claims "arise out of or relate to" the defendant's contacts with the forum. The court concluded that "specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test." *Id.* at 323. If but-for causation was sufficient, then a defendant's "jurisdictional obligations would bear no meaningful relationship to the scope of the 'benefits and protection' received from the forum." *Id.* at 322 (quoting *Int'l Shoe*, 326 U.S. at 319). The causal connection can be "somewhat looser than the tort concept of proximate causation . . . but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." *Id.* at 323. Applying these principles, the court found that the plaintiff's claims "directly and closely relate to a continuing contractual obligation that arose in Pennsylvania." *Id.* The service contract for spa treatment, which was consummated while the plaintiff was in Pennsylvania, contained an implied promise that the defendant would exercise due care in

7

performing the services required. The plaintiff alleged that he was negligently injured during the performance of this contract. The exercise of specific jurisdiction was a quid pro quo for the defendant's enjoyment of the right to form binding contracts in Pennsylvania. *Id.* at 324.

*O'Connor* is easily distinguished from the instant case. In *O'Connor*, the spa-related injury arose out of a contract for spa services, entered into in Pennsylvania. Plaintiff's claim here does not arise out of any contract entered into in Pennsylvania. The fact that Defendants sent Plaintiff an advertising mailer does not make Defendants subject to specific jurisdiction in Pennsylvania for any and all personal injuries that Plaintiff may sustain on Defendants' premises in Nevada. A slip-and-fall injury in the hotel's shower does not "directly and closely" relate to Defendants' contacts with the forum. The links in the chain of causation between Defendants' contacts and the asserted injury are too remote to find specific jurisdiction.

Notwithstanding the lack of personal jurisdiction over Defendants, we are satisfied that transferring this action to the United States District Court for the District of Nevada better serves the interest of justice than dismissing it. *See* 28. U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ."). Personal jurisdiction and venue are proper in the District of Nevada with respect to both Defendants. Nevada has general jurisdiction over Defendants and the events giving rise to Plaintiff's cause of action occurred there. *See* Nev. Rev. Stat. § 14.065; 28 U.S.C. § 1391(a), (c). Transfer, rather than dismissal, is in the interest of justice because it will prevent the duplication of filing costs. *Feldman*, 2006 WL 1582331, at *6 ("Normally transfer will be in the interest of justice because dismissal of an action

that could be brought elsewhere is time-consuming and justice-defeating.") (citations omitted); *Blackwell*, 2006 WL 573793, at *7 (same). Accordingly, we will transfer this action to the District of Nevada.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion will be granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**
